UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TONYA GAYLOR-HUNT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC; TRANS UNION, LLC,<br><br>　　　　　Defendants | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FCRA, 15 USC §1681** *et seq.* |

Plaintiff Tonya Gaylor-Hunt ("Plaintiff"), through her attorneys, alleges the following against Experian Information Solutions Inc. ("Experian") and Trans Union, LLC ("Trans Union"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), which requires credit reporting agencies to assure maximum possible accuracy of the information they report.

//

## JURISDICTION AND VENUE

1. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district

3. Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff Tonya Gaylor-Hunt is a natural person residing in the city of Newnan in Coweta County, Georgia.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Experian is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer report*s, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Defendant Trans Union is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f)). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661. Trans Union may be served through their registered agent, Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. Upon information and belief Experian and Trans Union disburse consumer reports to third parties under contract for monetary compensation.

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or about November 21, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Georgia (Newnan), case number no. 19-12344-whd.

11. Plaintiff was discharged from her Chapter 7 bankruptcy on or about March 24, 2020.

12. Plaintiff was eager to begin working on improving her credit following her bankruptcy and obtaining her "fresh start".

13. To make sure the post-bankruptcy reporting on her credit reports were accurate, Plaintiff obtained copies of her Experian, Trans Union, and nonparty Equifax credit report.

14. Upon review, Plaintiff discovered that Experian was reporting her 1st Franklin Financial Account (the "Account"), opened in June 2018, account no. #88970079 with a Status of "Open," a Recent Balance owed of "$440," and an Actual Balance of $430 listed in the Account History section despite the Account having been included in bankruptcy and discharged on March 24, 2020.

15. Experian also reported a scheduled payment of $86 per month.

16. Experian also reported that "By Mar 2026, this account is scheduled to go to a positive payment status."

17. Experian did not report the Account had been discharged in bankruptcy despite reporting the bankruptcy filing in the public records section and reporting other pre-bankruptcy derogatory accounts as "discharged through bankruptcy".

18. In fact, Experian failed to continue updating the account the same month Plaintiff filed for bankruptcy.

19. Experian should have reported the Account as Closed and discharged in bankruptcy with zero balance owed.

20. Trans Union was also reporting the Account as open with a Recent Balance of $440 and a "High balance of $1,561 from 06/2018 to 10/2019", despite the Account having been included in bankruptcy and discharged on March 24, 2020.

21. Trans Union also reported a scheduled payment of $86 per month.

22. Trans Union did not report the Account had been discharged in bankruptcy despite reporting the bankruptcy filing in the public records section and reporting other pre-bankruptcy derogatory accounts as "discharged through bankruptcy".

23. Similarly, Trans Union failed to continue updating the account the same month Plaintiff filed for bankruptcy.

24. Trans Union should have reported the Account as Closed and discharged in bankruptcy with zero balance owed.

25. Upon information and belief, Defendants proactively sought out and paid for Plaintiff's Public Record bankruptcy information in order to post it to her credit report. The CRA's have been conducting such inquiries via third party vendors for

many years and search daily for all U.S. consumer bankruptcy filings with the purpose of reporting them to consumers' credit reports.

26. Defendants do not maintain reasonable procedures to ensure that pre-bankruptcy, derogatory debts definitively report that the debt was either paid or discharged in bankruptcy and do not continue to report derogatory payment history after the bankruptcy was filed.

27. Defendants should have received notice that accounts such as the Account should report as discharged in bankruptcy because Defendants were reporting the bankruptcy as filed after the accounts were opened and then discharged.

28. Further, Defendants have been sued many times for similar conduct and are aware that when they receive notice of a Chapter 7 bankruptcy discharge that all pre-bankruptcy installment loans and revolving accounts are automatically assumed to have been discharged through the consumer's bankruptcy; known as the "default rule".

29. Defendants also received notice of their inadequate post-bankruptcy reporting procedures through the thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints filed against them for their inaccurate reporting following a Chapter 7 discharge.

30. Upon information and belief, Defendants had notice of 1st Franklin Financial's unreliable procedures to properly update the reporting of pre-Chapter 7 debt upon discharge of a bankruptcy.

31. Defendants are reporting that Plaintiff may owe debt that she does not actually owe, thereby damaging her credit scores and credit utilization.

32. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

33. Defendants' reporting is particularly aggravating of Plaintiff's damages because Defendants' inaccurate reporting damages Plaintiff's credit, which she is attempting to rebuild after bankruptcy.

34. The inaccurate reporting by Defendants caused Plaintiff stress and anxiety about her credit reputation and a belief that she may still owe the debt.

35. Upon information and belief, Plaintiff applied for and was denied credit cards with Credit One Bank and Flagship, and auto loans with Credit Acceptance, Southtowne Pontiac, Santander Consumer USA, and Avid due to Defendants' inaccurate reporting which was published to the aforementioned creditors in their review of Plaintiff's application.

## COUNT I
### Violations of the FCRA, 15 U.S.C. § 1681e(b)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

38. Defendants violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

39. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages including the loss of credit opportunities, emotional distress, humiliation, and mental anguish.

40. The violations by the credit reporting agencies were willful, rendering the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the credit reporting agencies were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tonya Gaylor-Hunt respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

    C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

    F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    G. Any other relief that this Court deems appropriate.

/ / /


/ / /

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 13th day of August, 2020.

**PRICE LAW GROUP, APC**

By: /s/ *Jenna Dakroub*
Jenna Dakroub
Bar Number 385021
**Price Law Group**
8245 N. 85th Way
Scottsdale, AZ 85258
E: jenna@pricelawgroup.com
T: (818) 600-5513
F: (818) 600-5413
*Attorneys for Plaintiff*
*Tonya Gaylor-Hunt*